UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GEOFFREY FANSLOW,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SONOMA, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-11-1955 EMC<br><br><br>**ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS ON APPEAL** |

       Plaintiff George Fanslow has submitted an application for leave to proceed in forma pauperis ("IFP") on appeal to the Ninth Circuit Court of Appeals. Docket No. 17; *see* Fed. R. App. P. 24(a). Mr. Fanslow seeks to appeal this Court's July 18, 2011 Order dismissing his first amended complaint with prejudice. Docket 14. The Court had previously granted his application to proceed IFP and dismissed his complaint with leave to amend on May 27, 2011. Docket No. 9.

       The Court may not grant an application to proceed IFP on appeal if the appeal is "not taken in good faith." 28 U.S.C. § 1915(a)(3). In addition, the Court may revoke a previously-granted IFP status on appeal if it "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding." Fed. R. App. P. 24(a)(3)(A). "'Not taken in good faith' means 'frivolous.'" *Gray v. Hamilton*, No. C 10-4614, 2010 WL 4281812, at *2 (N.D. Cal. Oct. 25, 2010) (finding an action frivolous because of defendants' judicial immunity and because action was an improper collateral attack on the court's decision in another action) (quoting *Ellis v. United States*, 356 U.S. 674, 674-75 (1958) (reversing denial of IFP where "the issue presented—probable cause to arrest—is not one

1  that can necessarily be characterized as frivolous.") (internal quotation marks omitted); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (denial of IFP status is inappropriate if even one claim is non-frivolous)); *James v. Townsley*, No. CV–11–050–EFS, 2011 WL 2559629, at * 1 (E.D. Wash. June 28, 2011) (denying IFP where "the Court lacks subject-matter jurisdiction over Plaintiff's claim and Defendant is entitled to quasi-judicial immunity"). "In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous." *Ellis*, 356 U.S. at 674-75.

The Court finds and certifies that Mr. Fanslow's appeal is frivolous and therefore revokes his IFP status. This Court originally dismissed Mr. Fanslow's Complaint because (1) certain statutes do not give rise to a cause of action for civil liability; (2) he failed to state a claim under 18 U.S.C. § 1584; (3) he failed to state a claim under 42 U.S.C. § 1983 on the basis of the Thirteenth Amendment, Due Process, or Equal Protection; and (4) his claims against Ms. Bayles-Fightmaster for damages and retroactive injunctive relief were barred by Eleventh Amendment immunity. *See* Docket No. 9. Plaintiff was given an opportunity to amend his Complaint, but the Amended Complaint merely restated his original claims with no improvement. In the interest of thoroughness, the Court elaborates below on its previously stated bases, as well as additional bases, in explaining why his appeal is frivolous.

## I. No Cause of Action

First, as the Court has previously noted, Plaintiff's claims under 18 U.S.C. §§ 241-42 are barred because those statutes provide no cause of action. *See* Docket No. 9 at 3 ("Mr. Fanslow has failed to state a claim for relief pursuant to §§ 241 and 242 because the Ninth Circuit has held that they 'are criminal statutes that do not give rise to civil liability.'") (quoting *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006)).

## II. Immunity

Second, as previously noted, Mr. Fanslow's claims for damages and retroactive injunctive relief (*i.e.*, restitution) under § 1983 against Ms. Bayles-Fightmaster are barred by Eleventh Amendment immunity. *See* Docket No. 9 at 3-4 (citing *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (holding that judges and employees of the superior

1  court, as well as the court itself, are immune from suits for damages)); *see also Independent Living*
2  *Ctr. of S. Cal., Inc. v. Maxwell-Jolly*, 572 F.3d 644, 660-61 (9th Cir. 2009) ("retroactive injunctive
3  relief" is not permitted against a state official).   As a judicial officer, Ms. Bayles-Fightmaster's
4  immunity extends to suits for damages against her in her individual capacity.  *See Khanna v. State*
5  *Bar of California*, 505 F. Supp. 2d 633, 645-46 (N.D. Cal. 2007).  In addition, section 1983 provides
6  that "in any action brought against a judicial officer for an act or omission taken in such officer's
7  judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or
8  declaratory relief was unavailable."  42 U.S.C. § 1983; *see Azubuko v. Royal*, 443 F.3d 32, 304 (3d
9  Cir. 2006) (applying amendment to bar injunctive relief against state judge); *Bolin v. Story*, 225 F.3d
10 1234, 1242 (11th Cir. 2000) ("[T]he 1996 amendment to § 1983 would limit the relief available to
11 plaintiffs to declaratory relief."); *Correa v. Hall*, No. C 10-0885, 2010 WL 3323843, at *1 (N.D.
12 Cal. Aug. 23, 2010).  Thus, to the extent that Plaintiff is able to state a claim against Ms. Bayles-
13 Fightmaster, he is entitled only to declaratory relief.  However, for reasons stated below, he fails to
14 demonstrate any such entitlement.

15     As the Court noted in its May 27 Order, it is unclear from the record whether Ms. Roth is
16 entitled to Eleventh Amendment immunity.  *See* Docket No. 9, at 5 n.1 (noting lack of clarity as to
17 whether Ms. Roth is a state employee).  Furthermore, to the extent that any claims against Ms. Roth
18 arise out of any prosecutorial role she played against Mr. Fanslow, she would be entitled to
19 prosecutorial immunity from any suit for damages insofar as she acted in her capacity as an
20 advocate.  *See Allegrino v. State of California*, Nos. C06-05490 MJJ, C07-00301 MJJ, 2007 WL
21 1450312, at *8 (N.D. Cal. May 14, 2007); *Khanna v. State Bar of California*, 505 F. Supp. 2d 633,
22 646 (N.D. Cal. 2007) (prosecutors have quasi-judicial immunity for any acts in which they perform a
23 prosecutorial function).  To the extent that his claims arise from any administrative or investigative
24 functions Ms. Roth performed, she may be entitled to qualified immunity.  *See Waggy v. Spokane*
25 *County Washington*, 594 F.3d 707, 710-11 (9th Cir. 2010).  However, Mr. Fanslow fails to fully
26 describe what role Ms. Roth played in any proceedings and, as explained below, Plaintiff's
27 Amended Complaint provides no basis on which to assert a claim against her.
28     Mr. Fanslow further asserts that Bayles-Fightmaster and Roth acted outside the scope of their

official authority, *see* Am. Compl. at 2, but provides no basis for such an assertion. He merely contends that they erred in disagreeing with his declaration that explained his independent political status and in denying his demand for restitution. *See* Am. Compl. at 10. In addition, while immunity would not shield Ms. Bayles-Fightmaster and Ms. Roth from certain claims for prospective relief, for the reasons stated in the sections below, Mr. Fanslow's claims are barred by *Rooker-Feldman*, res judicata, and/or for failure to state any cognizable against them.

### III. *Rooker-Feldman* & Res Judicata

Third, the core of Mr. Fanslow's Complaint contests the state family court order denying him restitution in 2010. *See* Am. Compl. at 8. In this action, he seeks (1) "[p]rotection and full and complete acknowledgement of my independent sovereign status," Am. Compl. at 12; (2) return of over $100,000 taken over time through his Dissolution of Marriage, Am. Compl. at 13; (3) Restitution and return of his real property interest in the family home, *id*.; (4) Restitution and return of "Social Security F.I.C.A. and other contributions exacted from me," *id*.; (5) "Complete correction and/or expunging of all related entries within every involved Credit Reporting Agency (CRA) pertaining to the term 'GEORGE GEOFFREY FANSLOW' and the thereto linked SSN (Social Security Number)," *id*.; and (6) any other relief to which he may be entitled. However, with the possible exception of the request for restitution of Social Security contributions,[1] this is precisely the relief requested and denied by the state court. *See* Compl. at 22-23 (Mr. Fanslow's declaration and motion in state court). Thus, Mr. Fanslow in effect merely challenges in large part the merits of the state court order denying his "motion for restitution and set aside," *see* Compl. at 51-52 (exhibit to Complaint, May 12, 2010 Order by Judicial Officer Bayles-Fightmaster), and argues that Defendants Bayles-Fightmaster and Roth disregarded his declaration revealing fraud by the state in subjecting him to its jurisdiction. *See* Am. Compl. at 9-10. These are the very claims he raised in state court and on which the state court ruled against him. See Compl. at 51-52. "[A] federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." *Manufactured Home Communities, Inc. v. City of San Jose*, 420 F.3d 1022, 1029 (9th Cir.

---

[1] It is unclear from the record whether this request was also encompassed in his state court demands. Regardless, it would still be barred by res judicata for the reasons stated below.

United States District Court
For the Northern District of California

2005).  "As the Ninth Circuit has explained, *Rooker-Feldman* prohibits a federal district court from exercising jurisdiction over a suit that is a 'de facto appeal from a state court judgment.'" *Khanna v. State Bar of California*, 505 F. Supp. 2d 633, 640-41 (N.D. Cal. 2007) (quoting *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004)); *Cunningham v. Mahoney*, No. C 10-01182 JSW, 2010 WL 2560488, at *3 (N.D. Cal. June 22, 2010).  Here, Plaintiff is essentially appealing in large part the Superior Court's decision to reject his claim of independent political status and deny him restitution.  Because Plaintiff complains "of a legal wrong allegedly committed by the state court and seeks relief from the judgment of that court," this Court lacks jurisdiction to consider his claims. *Khanna*, 505 F. Supp. 2d at 641 (quoting *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003)).

Similarly, because the issues and claims Mr. Fanslow seeks to litigate here have already been litigated and decided in state court, he is barred by res judicata and collateral estoppel from raising them in this Court.  *See Khanna*, 505 F. Supp. 2d at 647 (describing preclusion rules under California law that bar a party from bringing a second suit "between the same parties on the same cause of action," as well as one "based on a different cause of action[] [raising] such issues in the second action as were actually litigated and determined in the first action").  "Res judicata, or claim preclusion, prohibits lawsuits on any claims that were raised *or could have been raised* in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (emphasis in original).

Accordingly, Mr. Fanslow is barred by the *Rooker-Feldman* doctrine as well as res judicata and collateral estoppel from re-litigating his state court claims in federal court.

## IV. Failure to State a Claim

Finally, with respect to any remaining claims under 42 U.S.C. § 1983 and 18 U.S.C. § 1584, as the Court explained in its May 27, 2011 Order, Plaintiff has failed to state any basis for relief as those claims are based on his unsupported theory that he was subjected to involuntary political servitude.  Mr. Fanslow claims that he is an independent sovereign over which the state and County had no authority and the state and County fraudulently obtained authority over him.   However, as the Court stated in its prior order, "The fundamental problem with Mr. Fanslow's position is that there is no basis for his claim that he is an independent sovereign – *i.e.*, that 'every human child is born totally free of duty, fealty or obligation to any political entity.'"  *See* Docket No. 9, at 3 (citing

Compl. at 16). Plaintiff has thus failed to allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). There is also nothing to support the notion that either § 1584 or the Thirteenth Amendment protect against involuntary *political* servitude. *See* Docket No. 9 at 4 (citing *United States v. Mussry*, 726 F.2d 14481453 (9th Cir. 1984) ("The essence of a holding in involuntary servitude is the exercise of control by one individual over another so that the latter is coerced into laboring for the former"); *United States v. Kozminski*, 487 U.S. 931, 944-45 (1988) (defining involuntary servitude under the Thirteenth Amendment as compulsion of labor or services)).

Mr. Fanslow's unsupported claim of independent political status and resulting involuntary political servitude infects all of his claims. *See, e.g.*, Am. Compl. at 10 (alleging that he "was exposed to statutory process of the California Family Code, not Lawful Process; thus I was deprived of property without due process of law"); Docket No. 9 at 4 ("[T]o the extent [the due process claim] is based on the theory of involuntary servitude, it must fail for the same reasons."). He provides no basis on which the Court could conclude that he was denied due process or equal protection in his state court proceeding; he merely disagrees with the state court outcome.

To the extent his equal protection claim is not based on this theory of independent political status, it is entirely conclusory and therefore lacking in merit. *See Moss v. United States Secret Serv.*, 572 F.3d 962, 969, 971 (9th Cir. 2009) (assigning no weight to conclusory allegations); *see also Twombly*, 550 U.S. at 544; *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

## V. Conclusion

As noted above, the Court gave Mr. Fanslow an opportunity to amend his complaint, but his amended complaint merely restated the same claims and arguments. *See* Docket No. 14 (dismissing amended complaint with prejudice). Accordingly, the Court finds that Mr. Fanslow's appeal is frivolous and hereby revokes his IFP status.

The Clerk shall notify Plaintiff and the Court of Appeals of this order. *See* Fed. R. App. P. 24(a)(4). Plaintiff may file a motion for leave to proceed IFP on appeal in the Court of Appeals within thirty days after service of notice of this order. *See* Fed. R. App. P. 24(a)(5). Any such motion "must include a copy of the affidavit filed in the district court and the district court's

statement of reasons for its action." *Id.*

This disposes of Docket No. 17.

IT IS SO ORDERED.

Dated: September 6, 2011

_____
EDWARD M. CHEN
United States District Judge